A. L. PARKER, Appellant,

v.

Walter H. GANT et al., Appellees.

No. 19547.

Court of Civil Appeals of Texas,
Dallas.

May 31, 1978.

Rehearing Denied July 11, 1978.

Philip F. Patman, Patman & Patman, Austin, Paul Brown, Brown, Hill, Ellis & Brown, Sherman, for appellant.

Robert G. Bush, III, Joe A. Keith, Sherman, David M. Stagner, Denison, for appellees.

AKIN, Justice.

This is an appeal from a judgment granting a bill of review, setting aside a default judgment, and denying all relief sought in the original action. The action was originally instituted on December 7, 1973, as Cause No. 81561 by A. L. Parker, appellant, a mineral lessee, for a judicial determination that an earlier mineral lease on the same property held by appellee, Walter Gant, had terminated because of Gant's failure to conduct reworking operations after production had completely ceased from the only well on the lease. When Gant failed to answer, a default judgment was rendered in favor of Parker. More than thirty days after entry of the default judgment, Gant filed a bill of review seeking to set aside the default judgment. This action was docketed in the trial court as Cause No. 82293. The matter asserted in the bill of review was tried to a jury, which found:

(1) That the failure of Walter H. Gant to *appeal* was without negligence on his part in the course of the former trial or after judgment;

(2) That the failure of Walter H. Gant to *file an appeal* to the judgment taken by A. L. Parker in Cause No. 81561 was not intentional and not due to conscious indifference on his part;

(3) That Walter H. Gant was not prevented *from appealing* the judgment taken against him by A. L. Parker by the fraud, accident, or wrongful act on the part of A. L. Parker or his attorneys. [Emphasis added]

No issues were submitted with respect to any excuse for Gant's failure to file an answer before the default judgment was rendered. Acting on these findings, the trial court rendered a judgment dated October 18, 1974, which we consider interlocutory, granting Gant's bill of review declaring the default judgment void, but not adjudicating whether Gant's lease was still in force. The same judgment ordered a trial on the merits at a subsequent date. Parker amended his pleadings in Cause No. 81561, the cause number of the default judgment, which was then consolidated with Cause No. 82293 (the cause number given the bill of review). In the consolidated case, a second jury found that Gant did not fail to engage in reworking operations for the period in question. On June 24, 1977, the court entered its final judgment again declaring the default judgment void and declaring that Gant's lease had not terminated. Parker appeals. We hold that Gant failed to establish by jury findings or by undisputed evidence facts that would justify granting a bill of review. Accordingly, we reverse and render judgment denying the bill of review, thus leaving the default judgment in full effect.

■ Gant first argues that Parker cannot now complain of any errors in the bill of review proceeding since the judgment of October 18, 1974, was a final judgment as to any issues that might have been litigated between Parker and Gant with respect to setting aside the default and that no timely appeal was perfected from that judgment. Appellee's contention ignores the fact that the bill of review judgment of October 1974, only disposed of the issue of the validity of the default judgment and clearly stated that the merits of the cause were still to be tried. Thus, that judgment was interlocutory since it did not dispose of the case on its merits and no appeal could have been taken by Parker. In *Warren v. Walter*, 414 S.W.2d 423 (Tex.1967), the supreme court held that a judgment entered in a bill of review proceeding setting aside a default judgment without disposing of the merits was interlocutory and affirmed a dismissal of an appeal from the order. Here no final judgment was rendered until the judgment was rendered disposing of the case on its merits. Thus, Parker's appeal from the action of the trial court in granting the bill of review is timely. Consequently, Parker's complaints concerning the propriety of granting the bill of review as well as the judgment on the merits are properly before us.

Appellant argues that the court erred in granting the bill of review and setting aside the default judgment because appellee failed to obtain jury findings that would justify the court in setting aside the default judgment. We agree. In this respect, we note that Gant pleaded that his failure to answer was not due to his negligence or lack of diligence, that his failure to answer and present a defense was not intentional or the result of conscious indifference, and that he had a meritorious defense. These allegations state all of the grounds, except one,[1] for relief from a default judgment when a timely motion for new trial is filed. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). They do not, however, state the more onerous grounds for a bill of review laid down in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950), which require the party complaining of the judgment to allege and

1. Gant did not allege that the granting of a new trial would not work an injustice to Parker nor did he offer to reimburse Parker for the costs incurred in obtaining the default.

prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Gant neither pleaded nor offered proof of these requirements for a bill of review.

Appellant does not insist, however, on the strict grounds for a bill of review laid down in *Alexander v. Hagedorn, supra,* apparently on the assumption that the case is governed by *Hanks v. Rosser,* 378 S.W.2d 31, 35 (Tex.1964), in which the supreme court applied a less onerous standard to a defendant whose failure to file a timely motion for new trial was induced by misinformation from the clerk. In *Hanks,* the clerk of the court, while acting within his official duties, erroneously advised defendant's counsel that no default judgment had been rendered. Acting on this misinformation, defendant filed an answer but failed to file a timely motion for new trial. The supreme court held that the trial court may grant a bill of review (1) where the failure to answer was not intentional or the result of conscious indifference, (2) where a litigant is misinformed by the clerk within the time for filing a motion for new trial and is therefore prevented from filing, or misled into not timely filing his motion, (3) where a meritorious defense is shown, and (4) where no injury will result to the opposite party. In this situation, the court held that the defendant was not required to show that his failure to answer or to file a timely motion for new trial was caused by fraud, accident or the wrongful act of the opposite party, or that the defendant was himself free of negligence. As we read *Hanks,* where the clerk gives misinformation, the supreme court eliminated the *Hagedorn* requirements (1) that the defendant was prevented from answering by the fraud, accident, or wrongful act of the other party and (2) that the failure to answer was unmixed with any fault or negligence on the defendant's part. Instead of freedom from fault or negligence in failing to answer, the court required a lesser standard that the failure to answer was not intentional or the result of conscious indifference. In lieu of the *Hagedorn* requirement of proving that the defendant was prevented from answering by some wrongful act of the opposite party, the *Hanks* court substituted the requirement of misinformation by the clerk and a showing that no injury will result to the opposite party. Thus, in the situation of misinformation by the clerk, *Hanks* reduced substantially the burden upon the defendant in obtaining a bill of review.

Later, in *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 244 (Tex.1974), the supreme court stated that the failure of the clerk to send the postcard notice of entry of judgment as required by Tex.R. Civ.P. 306d is equivalent to misinformation by the clerk. Consequently, that court concluded that the *Hanks v. Rosser, supra,* standard applied where the clerk failed to send notice of entry of judgment thereby preventing the defendant from timely filing a motion for new trial and from perfecting his appeal.

■ From these authorities, we conclude that Gant had the burden of pleading and proving that: (1) defendant's failure to answer was not intentional or the result of conscious indifference; (2) the clerk failed to send notice required by Tex.R.Civ.P. 239a of the default judgment, thus preventing him from filing timely a motion for new trial; (3) a meritorious defense, and (4) no injury to the opposing party. *Hanks v. Rosser,* at 35.

■ We agree with appellant that these requirements were not met. In this respect, Gant failed to allege and establish that no injury will result to the plaintiff from the granting of the bill of review. Indeed, the record clearly indicates that Gant's conduct produced a substantial delay. Forty-six days after the default judgment was entered on December 7, 1973, Gant filed his bill of review. It was then set down for a hearing forty-five days later. Subsequently, Gant filed a motion for continuance, and when that was overruled, he took a non-suit. Gant then instituted a new bill of review in June of 1974, and a

hearing on that was delayed another three months. In the absence of any pleading, evidence or jury finding that Parker would not be caused to suffer any injury by this delay, it was error under the standards of *Hanks v. Rosser, supra,* for the trial court to grant the bill of review.

Additionally, Gant failed to meet two other requirements necessary under *Hanks* for a bill of review. He neither pleaded nor obtained a jury finding that his failure to answer the original action was not intentional or the result of conscious indifference.[2] Moreover, although he pleaded that the clerk failed to send the notice of default judgment, he obtained no jury finding to that effect, and he does not complain of the court's failure to submit that issue.

Since we have held that Gant failed to discharge his burden with respect to his bill of review, we reverse the judgment of the trial court granting the bill of review and render judgment denying the bill of review, thus leaving the default judgment in full effect.

Reversed and rendered.

2. We note that this requirement was not involved in *Petro-Chemical, supra,* because in that case the defendant had answered and had participated in the trial.