Betty L. VAUGHAN, Appellant,

v.

AMERICAN INDEMNITY COMPANY, Appellee.

No. 8350.

Court of Civil Appeals of Texas.

Nov. 1, 1979.

Rehearing Denied Dec. 3, 1979.

Eugene D. Stewart, Carrizo Springs, for appellant.

Robert Biechlin, Jr., San Antonio, for appellee.

CLAYTON, Justice.

This proceeding is in the nature of an equitable bill of review, wherein appellant, Betty Vaughan, seeks to set aside a default judgment entered against her on a third party complaint. In a trial to the court, judgment was entered wherein the appellant's bill of review was denied, and the default judgment was "affirmed and remains in full force and effect. . . ." From this judgment, appellant has perfected her appeal.

The record reflects that appellant was involved in an automobile accident, and suit was filed, as a result of such accident, against appellant. On March 27, 1972, appellee filed a third party complaint to recover damages from appellant. On October 22, 1974, appellee obtained a default judgment against appellant upon this third party complaint. The judgment was rendered and signed by the court on October 22, 1974, but was filed in the District Clerk's office on March 4, 1975.

It is undisputed that notice of the default judgment was not given appellant, as required by *Tex.R.Civ.P. 239a,* until January 28, 1977. This proceeding for bill of review was filed October 3, 1977.

Appellant's petition in this proceeding alleges, as grounds for setting aside the default judgment, that she was not served with citation in the third party complaint filed by appellee, that she had a meritorious defense to such action, and that she was prepared to pay the "expenses and [c]ourt costs attendant to rendering the default judgment and setting it aside."

■ The trial court, in response to appellant's request, filed findings of fact wherein a finding was made that "citation was duly issued [in the original case] and was duly served upon Betty L. Vaughan [appellant] on July 8, 1972," and that appellant "failed to file an answer or otherwise appear . . .

after being duly served," all of which are supported by the evidence. Appellant has not challenged either of these findings by the court by a point of error, and, in the absence of such a challenge, they are binding upon the appellate court. *State v. Wiergate Lumber Company, Inc.,* 582 S.W.2d 258 (Tex.Civ.App.—Beaumont 1979, writ ref'd n. r. e.); *Lovejoy v. Lillie,* 569 S.W.2d 501 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.).

■ The primary controversy in the instant case concerns the facts to be proven so as to entitle appellant to the granting of the bill of review. This question has been answered in *Parker v. Gant,* 568 S.W.2d 163 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). In the *Parker* case, the court states, after reviewing the rules enunciated in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950); *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974), that to be successful in this bill of review proceeding, under the facts of the instant case, appellant had the burden of pleading and proving that:

1. Defendant's failure to answer was not intentional or the result of conscious indifference.

2. The clerk failed to send notice required by *Tex.R.Civ.P. 239a* of the default judgment, thus preventing her from filing timely a motion for new trial;

3. A meritorious defense, and

4. No injury to the opposing party.

■ The first requirement stated above, i. e., appellant's failure to answer was not intentional or the result of conscious indifference, was not met by appellant. She did not plead or prove this requirement. Her entire defense for failing to file an answer was based upon her pleading and testimony that she was never served with citation. This was the only reason according to her testimony that she did not file an answer.

Because of her position on the failure to be served, it is understandable why no other excuse was given for failure to file an answer. The unchallenged finding of the court that she was duly served with citation leaves the record completely void as to any excuse or reason for failure to file her answer after she had been served. There being no evidence of her reasons for failing to answer, it obviously follows, and the record so shows, that there is no evidence that her failure to answer was not intentional or the result of conscious indifference.

Appellant has failed to discharge her burden with respect to her bill of review; the judgment of the trial court denying the bill of review and refusal to set aside the default judgment is affirmed.

AFFIRMED.