**William Phillip CLOUD and Judith Ann Cloud, Appellants,**

v.

**Jerry D. THORNTON and Katy National Bank, Appellees.**

**No. 18013.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 8, 1981.

Rehearing Denied Nov. 19, 1981.

William M. House, Jr., Palestine, for appellants.

David Frishman, Katy, for appellees.

Before PEDEN, SMITH and DOYLE, JJ.

PEDEN, Justice.

This is an appeal from the denial of a bill of review to set aside a dismissal order. The petition of the appellants in their original suit is not before us. They say in their bill of review that they alleged in their original suit 1) that the appellees fraudulently initiated a foreclosure sale on property held by the bank as security for a loan made to the appellants 2) and that appellees fraudulently misrepresented the value of the property in question to obtain release of a federal tax lien on the property. No findings of fact or conclusions of law were made. We affirm.

On January 7, 1975, appellants borrowed $25,000 from the bank, giving a note, which was to mature in a year, and a deed of trust to secure payment of the note. Appellants contend that the appellees (Mr. Thornton is president of the bank) agreed to renew the note on receipt of $1,000 in interest and $2,312.50 on the principal but that when Mr. Cloud went to sign the renewal agreement after payment of these amounts, the appellees did not have it ready and the next action on the loan was a demand for payment. Appellee Thornton testified that the payment of part of the principal and interest would not entitle appellants to renewal of the note where the appellees were aware of other liens against the property that would be a cloud on the title and affect the appellees' status as the primary lienholder. The appellees deny making any agreement to renew. It is undisputed that several months after maturity of the note, demand for payment was made and, when it was not paid, notice of foreclosure was sent to appellants and posted. The foreclosure sale was held in July of 1976, and the appellants brought suit in 1978 alleging fraud by the appellees. Dismissal of the plaintiffs' suit was ordered as a sanction for their failure to appear for the depositions.

The undisputed facts that give rise to the application for this bill of review are chronologically set out. Each of these events occurred in 1980:

February 4—Notice sent by appellees to appellants' attorney of record, Mr. John Segelquist, of intent to take appellants' depositions.

March 11—Appellees filed a motion for sanctions because of appellants' failure to appear for deposition and notified the appellants' counsel of the hearing date.

March 19—Appellants mailed a letter to the district clerk and to appellees' counsel saying that Mr. Segelquist no longer represents them and stating: "All correspondence is to be sent directly to William Phillip Cloud, P.O. Box 186, Elkhart, Texas 75839."

March 31—After a hearing, appellants' cause of action was dismissed for their failure to appear for depositions. Appellants did not appear at the hearing.

April 25—Appellants filed a motion for new trial.

April 28—A hearing was held on appellants' motion for new trial. The motion was orally granted; the judge indicated that the order granting the motion should include three conditions: that appellants obtain counsel, that they post a $1,000 cost bond, and that appellants be available for deposition.

April 29—Appellees' counsel mailed to appellants a proposed order for new trial.

April 30—The trial court lost jurisdiction at the close of the day, as thirty days had passed since the order of dismissal.

May 1—The proposed order granting the motion for new trial was received by appellants from appellees.

May 6—Appellants submitted to the trial court the order proposed by the appellees.

May 7—Court signed the written order for new trial providing that the three conditions were to be met by May 23, 1980.

June 2—A motion for sanctions was filed by appellees complaining of the failure of appellants to meet the three conditions by May 23, 1980.

June 30—At a hearing conducted on appellees' motion for sanctions, the court granted appellants an additional seven days to comply with the three conditions.

July 3—The appellants obtained a cost bond, sent notice to appellees of availability for depositions, and retained an attorney.

July 16—An order was signed to substitute attorneys for the appellants and permit Mr. Segelquist to withdraw.

July 21—Second order of dismissal was entered.

July 28—Notice of order of dismissal was sent to appellants by the court.

September 3—Petition for a bill of review was filed by appellants.

Appellants' only point of error is that the trial court erred in denying their bill of review. Under it they assert:

1. They had no notice of the filing of the defendants' (appellees') intent to take depositions, of the motion for sanctions, and of the motion to dismiss as a result of those sanctions. They assert that it was only through their own diligence that they discovered the entry of dismissal dated March 31. By their letter dated March 19, the appellants put the trial court and opposing counsel on notice and appellants were entitled to direct notices of the filing of the motion to dismiss, date of the hearing on the motion, and of the dismissal order, so

the dismissal was rendered as a result of fraud, accident or wrong doing.

2. Appellants were mislead by the activities of the trial court after May 1, thereby leading them to believe the matter was still pending in the trial court and causing them to fail to take an appeal from the March 31 order of dismissal.

3. The evidence of lack of notice satisfies all the requirements for a bill of review as announced in *Baker v. Goldsmith* (set out below). Appellants say: "The issues on the merits of the appellants' case in chief were not mentioned or considered in the motions for sanctions or order of dismissal and therefore are not relevant to this proceeding."

■ To be entitled to a bill of review, a petitioner must allege and prove a meritorious claim or defense which petitioner was prevented from making in a prior proceeding by fraud, accident or wrongful conduct of the opposite party or official mistake unmixed with any fault or negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979).

■ We overrule the appellants' point of error.

Appellants concede that an appeal could have been taken from the March 31 order of dismissal. The Texas Supreme Court recently reaffirmed its prior holdings that one with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. *Rizk v. Mayad*, 603 S.W.2d 773 (1980). The appellants' only excuse for not appealing was they were mislead into believing the case was still pending in the trial court by that court's continuing to conduct hearings and sign orders through July 21. We hold that those activities by the trial court do not excuse the appellants' failure to appeal.

We also hold that the appellants failed to show that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or that they were prevented from filing a motion for new trial as a result of reliance on erroneous

official information from a court official, unmixed with any fault or negligence of their own.

 In the first place, when they told the district clerk and opposing counsel to thereafter send notices directly to them, the notice of the setting on the motion for sanctions had already been sent to their counsel of record. Although it would have been laudable for the opposing parties to have given them direct notice of the upcoming hearing on the motion for sanctions, we cannot say their failure to do so constituted "fraud, accident, or a wrongful act."

Secondly, in view of the appellants' failure to make certain that the trial judge was timely furnished an order granting a new trial (containing the recitals he specified), their failure to obtain a new trial was not free from "any fault or negligence of their own." We hold that the appellants' excuse that they were waiting for appellees' counsel to prepare the order does not suffice. The cases denying bill of review because the petitioner was at fault were cases concerning the *rendering* of the prior judgment, but we see no reason why the same rule should not apply when the trial judge has announced his decision to set the judgment aside but is not timely supplied with an order.

Affirmed.