**Maureen RUND and Duane Sears, Appellants,**

v.

**TRANS EAST, INC. and David A. Durham, Appellees.**

**No. 01–90–00822–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1992.

Rehearing Overruled March 19, 1992.

Charles W. Tullis, Bennie D. Rush, Houston, for appellants.

Barry G. Flynn, Mark W. Thayer, Houston, for appellees.

Before MIRABAL, SAM BASS and HUGHES, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from the denial of bill of review relief sought to set aside a dismissal for want of prosecution. We reverse.

The following undisputed facts gave rise to the application for the bill of review:

September 28, 1986  Appellants and appellees were involved in an automobile/motorcycle/truck collision.

June 1, 1987  Suit was filed by appellants in cause number 87–25124.

November 11, 1987  The trial court notified counsel for the parties that a joint status report was to be filed on or before December 14, 1987, or the cause would be dismissed for want of prosecution, pursuant to rule 165a of the Texas Rules of Civil Procedure.

December 3, 1987  Appellants filed a transmittal letter, with the correct cause number, and a joint status report, with incorrect cause number 87–19646, in the district clerk's office.

December 18, 1987  The trial court sent appellants notice that since no status report had been filed, the case was dismissed on December 14, 1987, and a signed order was entered on that date.

December 30, 1987  Appellants' counsel's staff called the court clerk and, after explaining what had occurred, sent a letter to the trial court, with a copy of the joint status report and a copy of the time-stamped transmittal letter from the original filing.

January 5, 1988  A letter from the trial court, with the trial judge's stamped name on it, was sent to appellants' counsel with the following language: "Please be advised that the Court has received your Status Report in the below-referenced case. Thank you. The court personnel now have a better understanding of this Court's inventory and can arrange its schedule accordingly."

The letter further stated that the case was set for pretrial conference pursuant to TEX.R.CIV.P. 166; that the parties were to appear on January 21, 1988, at 3:30 p.m.; and that a docket control order would be signed at the conference. If the parties did not appear for the scheduled conference, the "appropriate orders" would issue.

January 21, 1988 The pretrial conference was held, counsel for all parties were present, and a docket control order was entered, setting deadlines for discovery and pleading amendments. There is nothing in the record to indicate anyone objected to this conference or to the entry of the docket control order.

May 19, 1988 Appellants attempted to schedule an oral hearing on a discovery motion and were informed the case was no longer on the trial court's docket, pursuant to the dismissal order of December 14, 1987.

June 8, 1988 Appellants moved to reinstate the case (approximately six months after the dismissal).

July 25, 1988 A hearing was held and the trial court reinstated the case (more than seven months after the dismissal).

October 24 and

November 2, 1988 Appellees filed motions to dismiss for lack of jurisdiction, which were granted on February 15, 1989.

March 27, 1989 Appellants filed a petition for bill of review.

The bill of review trial was held on May 15, 1990. Appellees stipulated that appellants had a meritorious claim. Appellants' witnesses were the legal assistant on the case and the attorney who appeared at the pretrial conference and other hearings. Appellees called no witnesses.

The legal assistant testified she prepared the joint status report in a timely fashion, and that she copied the wrong cause number *from appellees' pleadings.* She said she sent the joint status report to the Harris County District Court on December 1, 1987. She identified the time-stamped transmittal letter as the one she submitted with the joint status report. She said she became aware there was a problem when she saw the trial court's letter of December 18, 1987, sometime after Christmas. She said she called the court clerk to find out what happened and asked whether a motion to reinstate needed to be filed. As a result of her conversation with the clerk of the 133rd District Court, the firm sent a letter to the trial court, dated December 30th, 1987, containing copies of the time-stamped transmittal letter and the joint status report, with the improper cause number "blacked out." No motion to reinstate was drafted or filed.

Appellants' attorney, Bennie Rush, testified that in his file there were many documents and pleadings from the appellees, with the wrong cause number on them. He said, after January 5, 1988, the trial court held a pretrial conference and entered a docket control order, in accordance with rule 165a. He attended the pretrial conference based on the letter from the trial court; the trial court entered a docket control order; and the case moved forward with discovery and trial preparation from that point in time.

Appellants' contention before the trial court was that the letter of January 5, 1988, was a reinstatement of the case by the trial court's own motion, otherwise there would not have been a pretrial conference and a docket control order, in accordance with rule 165a. They contended the clerical error by the legal assistant was compounded by misinformation from the court's clerk, which prevented them from taking the appropriate action as a result of reliance on erroneous information from a court official.

Opposing counsel argued, based on *Cloud v. Thornton,* 627 S.W.2d 432 (Tex. App.—Houston [1st Dist.] 1981, writ dism'd) (opinion by Peden, J.), that continuing activity by the trial court does not excuse the failure to appeal. Appellees also objected to alleged defects in the bill of review petition. However, no special exceptions were filed, appellants indicated they would be happy to amend their plead-

ings if necessary, and no ruling was ever made on the objection.

The trial court denied the bill of review based on the *Cloud* case. The judge said:

THE COURT: All right. In light of what I believe is in the record, in light of the case that Judge Peden has signed, judgment I mean, the opinion by Judge Peden, which is out of the First Court, although I might like to do something else, I don't know that I have the ability to do anything else and, therefore, I'm compelled to deny—I have to hold with defendant in this case as to the Bill of Review and deny it. I'm sorry.

The trial court signed a judgment containing the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On or about November 11, 1987, this Court notified the parties that a Joint Status Report was due on or before December 14, 1987, in the underlying personal injury action known as Cause No. 87–25124; *Maureen Rund and Duane Sears vs. Trans East, Inc. and David A. Durham;*

2. On or about December 3, 1987, Maureen Rund and Duane Sears filed the Joint Status Report under Cause No. *87–19646,* rather than Cause No. 87–25124;

3. On or about December 18, 1987, this Court notified counsel for Maureen Rund and Duane Sears with its letter of same date, that the Court's records in Cause No. 87–25124, reflected that no status report was filed, and that Cause No. 87–25124, was therefore dismissed pursuant to Rule 165a of the Texas Rules of Civil Procedure on December 14, 1987, with the Order signed on that date and recorded in Vol. 3432, Page 773–792, of the minutes of the Court;

4. That on or about December 30, 1987, counsel for Maureen Rund and Duane Sears responded to the Court's letter of December 18, 1987, by saying that the Joint Status Report and transmittal letter sent to Ray Hardy's attention in Cause No. 87–25124, was filed on December 3, 1987; and forwarded to the Court a file-stamped copy of the transmittal letter of December 1, 1987, as well as a Joint Status Report with the last five digits of the cause number *blackened out;*

5. That counsel for Maureen Rund and Duane Sears filed a Motion to Reinstate Case on the docket in Cause No. 87–25124, on or about June 8, 1988, with a hearing set for Monday, July 25, 1988; thereby making the hearing on Plaintiffs' Motion to Reinstate Case on the docket more than seven (7) months after the case had been dismissed for want of prosecution;

6. That this Court intended to enter the Order of Dismissal on December 14, 1987, in Cause No. 87–25124.

### CONCLUSIONS OF LAW

1. That Cause No. 87–25124 was properly dismissed for want of prosecution on December 14, 1987, for Plaintiffs' failure to file the required Joint Status Report in a timely fashion in Cause No. 87–25124, and thus the dismissal of said case was proximately caused, at least in part, by his own fault or negligence;

2. That Plaintiffs' attorney was properly notified by the Court on or about December 18, 1987, that an Order of Dismissal was entered in Cause No. 87–25124, on December 14, 1987;

3. That notwithstanding notice that an Order of Dismissal had been entered in Cause No. 87–25124, Plaintiffs' counsel failed to file a Motion to Reinstate Case on the Docket until on or about June 8, 1988, and failed to have a hearing on same until July 25, 1988, or more than seven (7) months after the Order of Dismissal was entered, and thus sought such relief at a time when this Court no longer had jurisdiction over Cause No. 87–25124; and

4. That Defendants in Cause No. 87-25124 did not prevent Plaintiffs from prosecuting their personal injury action by fraud, accident or wrongful act.

Based on the foregoing Findings of Fact and Conclusions of Law, the trial court denied appellant's bill of review.

In their first point of error, appellants assert the trial court erred in denying the bill of review.

■ A bill of review is an independent, equitable action brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to motion for new trial. *Ortega v. First RepublicBank Fort Worth,* 792 S.W.2d 452, 453 (Tex.1990). To be entitled to a bill of review, a petitioner *ordinarily* must allege and prove (1) a meritorious claim or defense, (2) that he was prevented from making by fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Id.; Transworld Fin. Serv. Corp. v. Briscoe,* 722 S.W.2d 407, 408 (Tex.1987); *Baker v. Goldsmith,* 582 S.W.2d 404, 406–407 (Tex.1979); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

■ However, a less onerous burden applies for a party whose failure to file a timely motion for new trial, or motion to reinstate, was induced by misinformation from the court or the clerk. *Hanks v. Rosser,* 378 S.W.2d 31, 35 (Tex.1964); *Parker v. Gant,* 568 S.W.2d 163, 165 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.). In such a case, because the party missed an opportunity to file a motion for new trial due to court misinformation, the party is held to the less onerous burden of pleading and proving the elements he would have been required to address if he had timely filed a motion for new trial or motion to reinstate. *Hanks,* 378 S.W.2d at 34–35; *Buckler v. Tate,* 572 S.W.2d 562, 564 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ); *Parker,* 568 S.W.2d at 165. Such elements are: (1) that the entry of the underlying judgment was not due to intentional conduct or the result of conscious indifference on the part of the party, but was due to a mistake or an accident; (2) that the party has a meritorious claim or defense; and (3) that granting a new trial will not result in delay or otherwise injure the other party. *See Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see also Gonzalez v. Mann,* 584 S.W.2d 928, 931 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.).

■ Accordingly, our review of the record in the present case requires us to determine whether appellants met their burden of establishing that: (1) their failure to file the joint status report in the correct cause number was not intentional or the result of conscious indifference; (2) their failure to timely file a motion to reinstate was induced by misinformation from the court, upon which they reasonably relied; (3) they have a meritorious claim; and (4) reinstating the case on the docket would not result in injury to appellees.

Appellants' petition for bill of review alleged the dismissal for want of prosecution was the result of official mistake because the documents the trial court ordered filed were actually filed before the deadline set by the trial court. Appellants alleged their failure to file a motion to reinstate was the result of official misinformation based on the trial court's letter of January 5, 1988, the pretrial conference, and the entering of the docket control order. The trial court's actions led them to believe the trial court had reinstated the case on its own motion, in accordance with Tex.R.Civ.P. 165a. Appellants alleged their reliance on official information improperly deprived them of their opportunity to file a motion to reinstate.

The parties stipulated that appellants had a meritorious claim. The trial court, therefore, proceeded with the bill of review trial on the remaining elements.

It is uncontested appellants timely filed the joint status report, albeit with an improper cause number. The improper cause number was copied from one of appellees' pleadings in the case. The names of the parties were proper, and the transmittal letter accompanying the joint status report

contained the proper cause number. However, the document was filed under the improper cause number, not under the cause number in this case, resulting in the dismissal of the cause. When the dismissal of their cause was discovered, appellants took action to rectify the situation. They sent a new joint status report and cover letter, with the filing date of the original joint status report stamped on it, to the trial court. We find the uncontroverted evidence establishes that appellants' failure to file the joint status report under the correct cause number was not intentional or the result of conscious indifference.

The undisputed evidence further shows that after appellants sent the court clerk a new joint status report, along with a copy of the time-stamped transmittal letter from the original filing showing the first filed joint status report was timely filed, the trial court responded with a letter gratefully acknowledging receipt of the new status report, and setting a pretrial conference. The pretrial conference was actually held, and a docket control order was entered by the judge. The actions of the court clerk and the judge were totally consistent with the handling of a case on the court's active docket. Appellants assert they did not file a motion to reinstate the case on the docket at the time because they relied on TEX. R.CIV.P. 165a, which states in part:

> If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters.

The January 21, 1988 docket control order provided the following deadlines:

| | |
|---|---|
| 4/22/88 | For adding new parties |
| 5/10/88 | For designating experts |
| 8/29/88 | For completing discovery |
| 9/12/88 | For amending pleadings |
| 9/26/88 | For filing a joint pretrial order |

We find the uncontroverted evidence established that appellants reasonably relied on the correspondence and orders of the court in concluding the case had been retained on the docket. Appellants' failure to timely file a motion to reinstate was induced by the actions of the court.[1]

Regarding the fourth element of appellants' bill of review cause of action, it is uncontroverted that at the time the case was dismissed for want of prosecution, it had been on file only 6½ months. Appellants filed their petition for bill of review within two months of the granting of appellees' motion to dismiss for lack of jurisdiction. Appellants acted with diligence in pursuing the bill of review, and the meritoriousness of their claim against appellees is undisputed. Appellees did not argue or even suggest, in the trial court or in this Court, that any injury would have been sustained by them by the granting of appellants' bill of review.

It is clear from the statement of facts and the judgment that the only reason the trial court denied the bill of review was because of the trial court's application of *Cloud v. Thornton*, 627 S.W.2d 432 (Tex. App.—Houston [1st Dist.] 1981, writ dism'd), to the facts of this case. The *Cloud* case is clearly distinguishable from the factual circumstances of the present case. The petitioners in *Cloud* obtained an oral ruling from the trial court which granted them a new trial, but were at fault for not timely furnishing a written order before the trial court lost plenary power over the case. In *Cloud*, there was no evidence that any erroneous information from a court official induced the petitioners to not get the order timely signed, or to not timely file a motion for new trial. In the present case, the evidence shows the *reason* for appellant's failure to timely file a motion to reinstate was directly attributa-

---

1. We are not holding that, by the trial court's actions, the case was *actually* retained on the docket. For example, there is no evidence the trial court made a docket entry reinstating the case on its own motion, as occurred in *Hardtke v. Katz*, 813 S.W.2d 548 (Tex.App.—Houston [1st Dist.] 1991, n.w.h.). Rather, we hold the trial court's subsequent actions in the case reasonably induced appellants *to believe* the case had been reinstated, thus "forgiving" their failure to timely file a motion to reinstate.

ble to reasonable reliance on misinformation and actions of the court officials.

We hold the trial court failed to apply the correct standard in ruling on appellants' petition for bill of review. Contrary to the trial court's conclusions, neither appellants' fault or negligence in placing the wrong cause number on the status report, nor appellants' filing of the motion to reinstate after the trial court had lost jurisdiction, nor the absence of fraud or wrongful act on the part of appellees, is controlling or determinative. The undisputed evidence entitles appellants to bill of review relief.

For the reasons stated, we sustain appellants' point of error one. It is therefore unnecessary to address appellants' remaining points of error, and we decline to do so.

We reverse and remand to the trial court for proceedings not inconsistent with this opinion.