Rebecca Ann Tate BUCKLER, Appellant,

v.

Kenneth Wayne TATE, Appellee.

No. 17176.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1978.

Edward J. Ganem, Victoria, for appellant.

Fly & Moeller, Wm. F. Moeller, Victoria, D. Graham Moore, Houston, for appellee.

PEDEN, Justice.

Rebecca Tate Buckler appeals from the granting of Kenneth Wayne Tate's motion for summary judgment. Appellant had brought an equitable bill of review to set aside the child custody provision in a divorce degree. Her principal contention is that the trial court erred in granting summary judgment because issues of material fact were raised. We reverse and remand.

Kenneth Tate sued Rebecca Tate for divorce in August, 1976. When appellant was finally served with citation January 13, 1977, she did not respond. In the default judgment of divorce signed on February 10, 1977, Tate was appointed managing conservator of their child. No record was made by a court reporter.

Appellant's petition for bill of review, filed on July 15, 1977, alleged that the child custody provisions of the divorce decree should be set aside because her failure to appear at the trial was in reliance on her husband's continual misrepresentations "that no judgment would be taken until such time as she was advised of that fact," but that he took a default judgment without advising her and that she was not notified by anyone of the granting of the divorce.

Appellee's motion for summary judgment was based on the affidavits and depositions of the parties. In his motion he alleged that the summary judgment proof established that he did not communicate with the appellant from the date she was served with citation until after the entry of the default judgment.

The appellant asserts in her first point of error that the pleadings, depositions and affidavits raised material issues of fact and thus should have precluded a summary judgment. The test on appeal of a summary judgment is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action and that the moving party is entitled to a judgment as a matter of law. *Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). The elements that appellant must allege and prove in her action for bill of review are: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) which [she] was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of her own." *Petro-Chemical Transport, Inc. v.*

*Carroll,* 514 S.W.2d 240, 243 (Tex.1974); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

■ Appellant pleaded a meritorious defense to the award of child custody in the original proceeding. She alleged that she is the better qualified parent because their child is very young and needs to be with his mother and because appellee is working every day and is leaving the child with babysitters a great portion of the time. Appellant is seeking a review of only the custody determination and not the divorce itself. This part of the divorce decree may be reviewed without contesting the finding on the dissolution of the marriage. *McFarland v. Reynolds,* 513 S.W.2d 620, 625 (Tex.Civ. App.1974, no writ).

■ The second element of bill of review allegations and proof is that the complainant was prevented from defending by the fraud, accident or wrongful act of the other party. Appellant complains in her supplemental brief of her failure to receive notice of the default judgment as is required by Rule 239a, Texas Rules of Civil Procedure. In *Hanks v. Rosser,* 378 S.W.2d 31 (Tex. 1964), the Texas Supreme Court relaxed the second of the elements quoted above from *Alexander v. Hagedorn* by holding that if a litigant is misled or prevented from filing a motion for new trial by misinformation of an officer of the court acting in his official capacity, the litigant may maintain a bill of review. The complainant must also show (1) that defendant's failure to file an answer was not intentional or the result of conscious indifference, (2) that defendant had a meritorious defense and, (3) that no injury would result to the opposite party.

In *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 245 (Tex.1974), the *Hanks v. Rosser* exception was applied in a case in which a defendant failed to file a motion for new trial because the clerk did not send notice of the signing of a judgment under Rule 306d, T.R.C.P., stating:

"The loss of the right to appeal or move for a new trial without fault of the complaining party, through the neglect or act of the reporter, clerk or the judge himself, may under proper circumstances constitute such accident or unavoidable casualty as to warrant relief to prevent injustice. 3 Freeman, Law of Judgments, 5th ed. 1925, § 1247, p. 2601. We hold that where the other conditions discussed below are met, a bill of review may be predicated on the clerk's failure to send the notice required by Rule 306d. See *Kelly Moore Paint Co. v. Northeast National Bank,* Tex.Civ.App., 426 S.W.2d 591 (no writ)."

■ The *Kelly Moore Paint* case, cited by the Supreme Court, held that a clerk's failure to send notice of a default judgment under Rule 239a constitutes "such failure of notice as a ground for equitable bill of review even though it was not prevented from answering from fraud, accident or wrongful act of the opposite party." There are no significant differences between Rule 306d and Rule 239a, and since failure to comply with Rule 306d relieves the plaintiff in a bill of review from proving fraud, accident or mistake, then so should failure to comply with Rule 239a. *Bohn v. Bohn,* 498 S.W.2d 267, 270 (Tex.Civ.App.1973, writ dism.).

It is because of alleged lack of compliance with Rule 239a and lack of other notice to the appellant of the default judgment that we have concluded that Tate has not established his right to prevail on the second element of the appellant's bill of review.

In our case the appellant pleaded that her first notice of the default judgment was in July when her attorney telephoned the Harris County District Clerk. She testified by deposition that this phone call was placed the last week in June. Absent notice from the clerk pursuant to Rule 239a, the mistake or accident requirement of *Alexander v. Hagedorn* is shown. *Petro-Chemical Inc. v. Carroll,* 514 S.W.2d 240, 245 (Tex.1974).

■ The remaining elements mentioned in the *Petro-Chemical* case are that her failure to file an answer was not intentional or the result of conscious indifference, that she has a meritorious defense and that no injury would result to the opposite party.

The appellant's meritorious defense contention has already been discussed. The summary judgment proof does not establish that her failure to answer was intentional or the result of conscious indifference. Appellant stated in her affidavit that she thought that if she did not sign the citation papers, a divorce could not be granted. A letter in evidence from Tate said that they could get a divorce when they signed the papers. This appears to be sufficient to support her failure to answer. *Texas Iron & Metal Co., Inc. v. Utility Supply Co.,* 493 S.W.2d 545 (Tex.Civ.App.1973, writ ref., n. r. e.).

The final element is that no injury would result to appellee by the granting of the bill of review. Appellee still resides in the Harris County area and could have attended court without substantial inconvenience. *Hanks v. Rosser,* 378 S.W.2d 31, 36 (Tex.1964). Appellant secured an attorney in late June or early in July of 1977, and upon learning of the judgment, filed her petition for bill of review on July 15. The movant for summary judgment did not show that he was entitled to judgment as to this element of the plaintiff's cause of action as a matter of law.

We do not reach the appellant's other points of error. Reversed and remanded.