Howard KANTOR, Appellant,

v.

HERALD PUBLISHING COMPANY, INC., Appellee.

No. 12–81–0018–CV.

Court of Appeals of Texas, Tyler.

Jan. 6, 1983.

Rehearing Denied Feb. 17, 1983.

Marcia J. McCarron, Bresenhan & Wingate, Houston, for appellant.

Tom D. Rorie, Rorie & Pedersen, Nacogdoches, for appellee.

SUMMERS, Chief Justice.

This is an appeal from the trial court's denial of appellant's petition for an equitable bill of review.

Howard Kantor, as plaintiff brought suit against Herald Publishing Company, Inc., under Cause No. 6171 in the County Court at Law of Nacogdoches County, seeking to set aside a prior judgment rendered against him and in favor of Herald Publishing Company, Inc. in Cause No. 5686 in said court.

The original action (No. 5686) was filed by Herald Publishing Company, Inc., against Don Baird, et al,[1] on May 9, 1978. Such suit was based upon a sworn account alleged to be owing by such defendants as partners. A citation addressed to defendant J.D. Newsome was delivered to appellant pursuant to the trial court's order for substituted service granted under Tex.R.Civ.P. 106. The court in its judgment deemed such service to be valid service on all of the partners. Appellant Kantor made no answer and the court entered an interlocutory judgment by default against him on September 1, 1978. Maurice Bresenhan, representing himself as counsel for the appellant, called counsel for the appellee on October 9, 1978, and indicated an awareness of the entry of the interlocutory judgment against appellant Kantor. Thereafter, on November 14, 1978, Cause No. 5686 was set for nonjury hearing on November 30, 1978. Although the record reflects that a notice of such setting was mailed to Kantor, he did not appear for the hearing. Plaintiff publishing company took a nonsuit as to all other defendants in Cause No. 5686 on December 11, 1979, and final judgment was rendered against the appellant in said cause on that same date.

Appellant contends that he had no notice of the original cause or judgment until his sister notified him that a judgment lien had been placed on family property situated in Harris County, Texas. Shortly after learning of the judgment lien, Kantor filed his petition in the nature of a bill of review in Cause No. 6171 on October 1, 1980. Appellant specifically complained as to the inadequacy of the service of citation in Cause No. 5686. Trial was held May 8, 1981, on appellant's petition for bill of review and on June 11, 1981, the trial court signed a judgment denying Kantor's request to set aside and vacate the default judgment rendered against him in Cause No. 5686.

We affirm.

Kantor's suit in Cause No. 6171 constituted a direct attack on a prior judg-

---

1. The multiple defendants included Howard Kantor, appellant herein, and J.D. Newsome.

ment rendered by the same court in Cause No. 5686. 34 Tex.Jur.2d p. 234, "Judgments", Sec. 289, "Direct attack distinguished—Illustrations;" *Crawford v. McDonald,* 88 Tex. 626, 33 S.W. 325 (1895). When such an attack is made, the most common request is a plea for equitable relief against the prior judgment by equitable bill of review. Such remedy is available when a judgment is no longer appealable or subject to a motion for new trial. The court rendering the judgment must have "jurisdictional power" which means the power to hear and adjudicate the subject matter. A bill of review becomes the exclusive method for acquiring relief and vacating a default judgment in a case in which such court had jurisdictional power to render it. Into this category falls those cases in which a default judgment is asserted to be void for want of service, or valid service of process. *McEwen v. Harrison,* 162 Tex. 125, 131–132, 345 S.W.2d 706, 709–710 (1961); also see *Deen v. Kirk,* 508 S.W.2d 70, 71–72 (Tex.1974); *Northcutt v. Jarrett,* 585 S.W.2d 874 (Tex.Civ.App.— Amarillo), writ ref'd n.r.e. per curiam, 592 S.W.2d 930 (Tex.1979).

■ Since it is fundamentally important in the administration of justice that some finality be accorded to judgments, petitions for bills of review seeking relief from judgments "are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." The rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950).

■ The three elements of a bill of review which ordinarily must be pleaded and proved by a petitioner are (1) a meritorious defense to the cause of action (2) which the movant was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence on the part of the movant. *Alexander v. Hagedorn, supra* 226 S.W.2d at 998. But this general rule does not govern the disposition of all bill of review cases, *Petro-Chemical Transport Inc. v. Carroll,* 514 S.W.2d 240, 244 (Tex.1974) and the second requirement has been qualified. *Baker v. Goldsmith,* 582 S.W.2d 404, 407 (Tex.1979). In the event the bill of review movant was not subject to the jurisdiction of the court for lack of proper process, the movant is relieved from the burden of pleading and proving the second element of *Hagedorn;* i.e., that the movant was prevented from making a meritorious defense by the fraud, accident or wrongful act of the opposite party. *Northcutt v. Jarrett, supra; Texas Industries, Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex.1975). The bill-of-review movant's burden of proving a meritorious defense to the original cause of action is discharged when the movant produces proof from which the court determines, as a matter of law, the defense is not conclusively barred and the movant will prevail in retrial if no evidence to the contrary is offered. *Baker v. Goldsmith, supra* 582 S.W.2d at 409.

Appellant brings forward four points of error in which he asserts the trial court erred (1) in failing to set aside its prior judgment rendered in Cause No. 5686 for the reason that Howard Kantor was never served with process and the Judgment rendered therein was void; (2) in failing to set aside its prior Judgment rendered in Cause No. 5686 for the reason that Howard Kantor was never served with process and the Judgment rendered therein was voidable; (3) in failing to set aside its prior judgment in Cause No. 5686 for the reason that there was no evidence that Howard Kantor was an owner or partner of Don's Thriftee Foods; and (4) in failing to set aside its prior Judgment in Cause No. 5686 for the reason that there was no evidence that Howard Kantor ever ordered any goods, wares or services from Herald Publishing Company, Inc., or authorized anyone else to do so on his behalf. Appellee contends in its counterpoint that appellant failed to meet the burden of proof required of him in an equitable bill of review proceeding.

In reviewing appellant's first and second points of error (asserting that the earlier judgment is void or voidable), it is necessary to consider the movant's burden of proof mandated by the courts in an equitable bill of review proceeding. Such judgment is a valid and proper judgment until such time as it is set aside in a proceeding in the nature of a bill of review. *McEwen v. Harrison, supra* 345 S.W.2d at 709–10, reaffirmed by the Supreme Court in *Deen v. Kirk, supra* and in *Northcutt v. Jarrett, supra.* The record and judgment of the court reveal that the service on defendant J.D. Newsome constituted service on all partners, including Howard Kantor. Further, the court considered that citation of service on J.D. Newsome by delivery to Howard Kantor presumptively effected notice of the suit on Kantor, appellant herein. Even if it were found that the prior judgment was void, such finding would only eliminate the necessity of the moving party, Kantor, pleading and proving the second element of the bill of review test. Appellant's first and second points are overruled.

Appellant's third and fourth points raise the issue of his "meritorious defense" to liability. Kantor pleaded and attempted to prove that such defense existed, arguing that there was no evidence of his partnership with Don's Thriftee Foods, and no evidence that he or an authorized agent had ordered goods or services from Herald Publishing Company, Inc. In reviewing a "no evidence" point we are mindful of the rule that the reviewing court must reject all evidence contrary to the judgment and consider only the facts and circumstances that tend to support the judgment. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.R. 361, 362 (1960). In proving a good and meritorious defense it is necessary that the complainant show that the result reached in the prior case would have been different had the defensive matter been presented. If a prima facie meritorious defense has been shown to the court, "the measure of the law is fulfilled and the parties are then relegated to their original status of plaintiff and defendant, with the burden of proof resting upon the plaintiff to make his case, leaving the defendant the right, if he sees fit, to rely merely upon the weakness of his adversary's case." *Crosby v. DiPalma,* 141 S.W. 321 (Tex.Civ.App.—El Paso 1911, writ ref'd); also see *Dicker v. Binkley,* 555 S.W.2d 495, 498 (Tex.Civ.App. —Dallas 1977, no writ).

Assuming appellant pleaded a set of facts in his bill of review which, if no evidence to the contrary were offered, would constitute a defense to liability a meritorious defense would be shown. *Baker v. Goldsmith, supra* 582 S.W.2d at 408– 409. However, merely establishing a meritorious defense is not sufficient. Appellant must *also* establish that he was prevented from making his defense and was not negligent in failing to assert it. *McEwen v. Harrison, supra* 345 S.W.2d at 710. This may be an onerous burden, but it is a major distinguishing factor between a bill of review and a motion for new trial. In a motion for new trial the movant is merely required to prove that his failure to answer in the prior trial was not intentional or the result of conscious indifference, but was due to accident or mistake, and that the granting of a new trial will occasion no delay or injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 125 (1939); 4 R. McDonald, Texas Civil Practice § 18.29 (rev. 1971); Meyer, *The Equitable Bill of Review in Texas,* 41 Tex. B.J. 699, 702 (1978). The distinction in the amount of movant's burden rests on our policy of favoring finality of judgments. A less onerous burden and standard for the movant in a timely filed motion for new trial is justified inasmuch as the judgment has yet to become final and only a brief period of time has lapsed since its rendition. On the other hand, once a judgment has become final as in the instant case it must be accorded a measure of respect; otherwise litigation would tend to become endless. *Baker v. Goldsmith, supra* 582 S.W.2d at 409.

Necessarily then, the record must be reviewed to determine if appellant estab-

lished the second and third requirements of the test. In the instant case Kantor has made no allegation of any fraud, misrepresentation or other wrongful act on the part of appellee or his counsel. Further, it is apparent from the record that notice of default was timely sent as required by law to the defaulting appellant, though appellant contends he did not receive it. Assuming that Kantor was not served with citation he would be relieved of the burden of meeting only the second prong of the three prong test. *Texas Industries v. Sanchez, supra; Kelley Moore Paint Company v. Northeast National Bank,* 426 S.W.2d 591 (Tex.Civ.App.—Fort Worth, 1968, no writ). However, the return made by the Constable of Harris County recites that the citation was served on Howard Kantor. Further, the testimony of appellant from his deposition indicated some evidence that he and Newsome were in business together. Also, it is uncontradicted that appellant's counsel contacted appellee's counsel prior to the entry of final judgment in the original Cause No. 5686 and such action evidenced an awareness of such suit against him.

Finally, it was incumbent upon appellant to plead and prove his lack of fault or negligence. From a review of the record we are precluded from determining that Howard Kantor established as a matter of law his freedom from fault or negligence. Since such proof is an essential element of a successful bill of review recovery the burden has not been met. The telephone call by appellant's counsel to opposing counsel indicated an awareness of a pending action and the real possibility of a default judgment. It is a basic rule of law that the knowledge of an agent is imputed to his principal or employer, and that the knowledge of counsel for appellant was properly imputed to appellant. *Carter v. Converse,* 550 S.W.2d 322, 329 (Tex.Civ.App.—Tyler, 1977, writ ref. n.r.e.). It was over one year later, on December 11, 1979, when a final judgment was signed by the trial judge in the original cause (No. 5686). Appellant took no action for over one year to prevent the entry of a default judgment against him or to protect his rights through the legal remedies available to him. If in fact he had a meritorious defense he could have prevented the entry of the default judgment. The appellant has clearly failed to show a case of diligence on his part. A lack of diligence or evidence of negligence on the movant's part will deny the movant relief by bill of review. *Northcutt v. Jarrett, supra,* expressly disapproving *Deen v. Deen,* 530 S.W.2d 913 (Tex.Civ.App.—Fort Worth, 1975, no writ). Appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.