**Bill M. EDGIN, Appellant,**

**v.**

**Ralph W. BLASI, Desmond Corbett and Hospital Corporation of America, Inc., Appellees.**

**No. 2–85–179–CV.**

Court of Appeals of Texas, Fort Worth.

April 9, 1986.

Charles Padorr, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, Ernest Reynolds, III, Crumley, Murphy & Shrull, Roswald Shrull, Fort Worth, Texas, Bailey, Williams, Westfall, Lee & Fowler, Kevin J. Keith, Dallas, for appellees.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a Summary Judgment granted to the defendant in a suit for Bill of Review.

We reverse and remand.

Bill Edgin, appellant, filed a personal injury action against appellees on February 13, 1981. Seventeen months later, on July 30, 1982, the District Court dismissed the cause for want of prosecution. Appellant filed a Bill of Review on January 25, 1984 to reinstate the cause. Appellant contended that he did not receive notice of the dismissal due to the District Clerk's failure to mail it.

A hearing was held on the Bill of Review on May 18, 1984. After the hearing, the trial court sustained appellees' special exceptions to appellant's pleadings. The special exceptions complained that appellant had failed to set out a meritorious claim which is one of the elements of a cause of action for Bill of Review. Appellant then amended his pleadings to meet these objections.

In April of 1985, appellees filed a Motion for Summary Judgment alleging that appellant failed to state a cause of action for Bill of Review in that he failed to allege one of the elements of a cause of action for Bill of Review: that the reason he had no notice of the dismissal was because of an official mistake of the clerk "unmixed with his own negligence." Appellant's response to the Motion for Summary Judgment stated that it is not an element of a cause of action for Bill of Review to allege that there was official mistake *unmixed with his own negligence.* Appellant contends that he need only show that his failure to file a timely motion to reinstate and timely motion for new trial was not intentional or the result of conscious indifference. The Motion for Summary Judgment was granted.

In his first point of error appellant contends that the District Court erred in granting appellees' Motions for Summary Judgment where appellant had sufficiently stated a cause of action for Bill of Review.

In the usual Bill of Review, the plaintiff must allege and prove that he has (1) a meritorious cause of action, (2) which he was prevented from asserting by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). The second requirement of *Hagedorn* has been qualified in later cases. To the extent there is reliance on erroneous official information given by an official court functionary preventing the filing of a Motion for New Trial, the Bill of Review plaintiff is excused from showing the wrongful conduct, fraud, or accident of the opposite party. *Baker v. Goldsmith,* 582 S.W.2d 404, 407 (Tex.1979). Some courts of appeals have read *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964) as further eliminating some *Hagedorn* requirements. In *Parker v. Gant,* 568 S.W.2d 163 (Tex.Civ.App.— Dallas 1978, writ ref'd n.r.e.), the court said:

As we read *Hanks,* where the clerk gives misinformation, the supreme court eliminated the *Hagedorn* requirements (1) that the defendant was prevented from answering by the fraud, accident, or wrongful act of the other party and (2) that the failure to answer was unmixed

with any fault or negligence on the defendant's part. Instead of freedom from fault or negligence in failing to answer, the court required a lesser standard that the failure to answer was not intentional or the result of conscious indifference. In lieu of the *Hagedorn* requirement of proving that the defendant was prevented from answering by some wrongful act of the opposite party, the *Hanks* court substituted the requirement of misinformation by the clerk and the showing that no injury will result to the opposite party. Thus, in the situation of misinformation by the clerk, *Hanks* reduced substantially the burden upon the defendant in obtaining a bill of review.

*Id.* at 165. *See also Gonzalez v. Mann*, 584 S.W.2d 928 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Buckler v. Tate*, 572 S.W.2d 562 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Hanks*, 378 S.W.2d at 38 (Justice Griffin dissenting).

Despite these interpretations of *Hanks* it is clear to us that the Supreme Court did not intend to waive all requirements of diligence on the part of Bill of Review plaintiffs. In *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974), the Supreme Court held that a Bill of Review plaintiff who failed to file a motion for new trial in time due to the fact that he did not receive notice from the clerk of a default judgment entered against him, although he was negligent in not filing an answer, *still had the burden of showing that his failure to file a Motion for New Trial or Appeal was not due to any fault or negligence on his part or on the part of his counsel.* The court stated that "[n]o rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking relief or his counsel." *Id.* Also, in its most recent pronouncement concerning Bill of Review cases involving misinformation by the clerk, the Supreme Court has stated that Bill of Review plain-

tiffs must allege "that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party *or official mistake unmixed with his own negligence."* *See Baker*, 582 S.W.2d at 408 (emphasis added). *See also Baker*, 582 S.W.2d at 410 (Justice Pope concurring).

In any case, whether a Bill of Review plaintiff must allege his freedom from negligence is not dispositive of this case. We do not pass on appellant's first point of error, because to the extent that the District Court determined that appellant's pleadings were insufficient to state a cause of action for Bill of Review, it erred in failing to permit appellant the opportunity to amend his pleadings. The Supreme Court has firmly established the principle that any failure of pleadings to state a cause of action may not be disposed of by summary judgment. In the case of *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974), the Supreme Court announced:

> [O]nly after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action.... This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings ... fail to state a cause of action.

*Id.* at 10. *See also Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983).

Appellant raised this issue in his second point of error when he contended that to the extent that his pleadings did not state a cause of action for a Bill of Review, the District Court erred in granting appellees' Motion[s] for Summary Judgment without permitting him the opportunity to amend. Appellees contend that summary judgment was correct because appellant had already been given an opportunity to amend following the granting of special exceptions to the Bill of Review. We find that appellant had only been given the opportunity to amend the special exception contained in

appellees' Original Answer concerning his failure to set out a prima facie meritorious claim. New special exceptions were alleged in the Motion for Summary Judgment. Appellant was not allowed to amend concerning these special exceptions to his failure to allege freedom from negligence and thus to state a cause of action. Therefore, we sustain appellant's second point of error: that the District Court erred in granting appellees' Motion[s] for Summary Judgment without permitting appellant the opportunity to amend.

Appellees also contend that appellant's First Supplemental Equitable Bill of Review does not allege facts under oath nor is it supported by sworn affidavits of fact. However, we find that appellees' complaint concerning the failure to verify this pleading was waived because it was not raised in the trial court. *See Galaznik v. Galaznik*, 685 S.W.2d 379, 382–83 (Tex. App.—San Antonio 1984, no writ). This cannot be raised for the first time on appeal. *See id.*

The judgment of the court below is reversed and remanded for proceedings not inconsistent with this opinion.