R. "Roy" PERALTA, Appellant,

v.

HEIGHTS MEDICAL CENTER, INC.
d/b/a Heights Hospital, Appellee.

No. 01–85–0961–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1986.
Rehearing Denied Aug. 28, 1986.

Bruce Ian Schimmel and Stephen P. Dillon, Axelrad, Callison & Schimmel, Houston, for appellant.

Jack G. Carnegie and Randall N. Finley, Holtzman & Urquhart, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from a summary judgment denying a bill of review to set aside a default judgment. We affirm.

In February 1982, appellee filed suit against appellant for $5,603.80, pursuant to a guarantee of payment of a hospital debt incurred by one of appellant's employees. Citation issued the date suit was filed, and appellant was served on June 16, 1982, but failed to answer or appear. On July 20, 1982, the trial court entered a default judgment for the amount pledged, plus attorney's fees and costs.

The appellant filed this bill of review proceeding in June 1984. Appellee subsequently filed a motion for summary judgment on the ground that appellant had no meritorious defense. The trial court entered the summary judgment in favor of the appellee on August 19, 1985.

On appeal, appellant asserts in one point of error that the trial court erred in granting appellee's motion for summary judgment because of the following: (1) the original judgment was void because service of process was defective on its face as it was effected more than 90 days after issuance; (2) appellee failed to furnish a certificate of last known address to the court prior to its entry of the default judgment as required by Tex.R.Civ.P. 239a; (3) the clerk failed to notify appellant of the default judgment, as required by Rule 239a; and (4) appellant was denied due process when his property was sold to satisfy a void default judgment.

The appellant concedes that he did not prove a meritorious defense to the original action, but that the foregoing defects relieve him of the burden of doing so. We do not agree.

■ The three elements of a bill of review that the complainant must plead and prove are (1) a meritorious defense to the cause of action, (2) which he was prevented from asserting by the fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence of his own. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979); *Alexander v. Hagedorn,* 148 Tex. 565, 568–569, 226 S.W.2d 996, 998 (1950).

■ When the defendant has not been properly served with process, he may be relieved from the burden of pleading and proving that he was prevented from making a meritorious defense by the fraud, accident, or wrongful act of the opposing party. *See, Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 243–244 (Tex.1974); *Texas Industries, Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex.1975); *Kantor v. Herald Publishing Co., Inc.,* 645 S.W.2d 625, 628 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Northcutt v. Jarrett,* 585 S.W.2d 874, 876 (Tex.Civ.App.—Amarillo) writ ref'd n.r.e. per curiam, 592 S.W.2d 930 (Tex.1979). Likewise, when the clerk of the court fails to send notice of a default judgment to the defendant because the plaintiff failed to certify the address, the bill of review claimant is excused from showing the wrongful conduct, fraud, or accident of the opposite party. *Baker v. Goldsmith,* 582 S.W.2d at 407; *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); *Edgin v. Blasi,* 706 S.W.2d 353 (Tex.App.—Fort Worth 1986, no writ); *Buckler v. Tate,* 572 S.W.2d 562, 564 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). But in both instances, the claimant must still plead and prove a meritorious defense to the original action. *Id.* Because the appellant failed to plead and prove a meritorious defense, the trial court did not err in entering the summary judgment.

■ We also overrule the appellant's contentions that the trial court's entry of the summary judgment deprived him of due process of law as guaranteed under the Fourteenth Amendment of the United States Constitution. In a bill of review proceeding, the movant's burden of establishing a meritorious defense is met when he produces proof from which the court determines, as a matter of law, that the defense is not conclusively barred and that the movant will prevail in retrial if no contradictory evidence is offered. *Baker v. Goldsmith,* 582 S.W.2d at 408–409; *Kantor v. Herald Publishing Co., Inc.,* 645 S.W.2d at 627. The requirement that such proof be made is not onerous. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.