ACCEPTED
01-15-00388-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/28/2015 12:43:17 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00388-CV

**IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT HOUSTON**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/28/2015 12:43:17 PM
~~VOID K~~
CHRISTOPHER A. PRINE
Clerk

**IN THE INTEREST OF
M.A.B., IV**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/28/2015 12:43:17 PM
CHRISTOPHER A. PRINE
Clerk

**M.A.B, JR.,
APPELLANT
VS.
TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
APPELLEE**

**ON APPEAL FROM THE 314TH
DISTRICT COURT OF HARRIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 2014-00044J**

**APPELLANT'S MOTION FOR REHEARING
AND REHEARING EN BANC**

**CONNOLLY & SHIREMAN, LLP
William B. Connolly
State Bar No. 04702400
2930 Revere, Suite 300
Houston, Texas 77098
Telephone (713) 520-5757
Facsimile (713) 520-6644
wbc@conlawfirm.com**

**ATTORNEY FOR M.A.B., JR.**

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT HOUSTON

IN THE INTEREST OF
M.A.B., IV

M.A.B, JR.,
APPELLANT
VS.
TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
APPELLEE

ON APPEAL FROM THE 314TH
DISTRICT COURT OF HARRIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 2014-00044J

APPELLANT'S MOTION FOR REHEARING
AND REHEARING EN BANC

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

The opinion of the panel dispatches the application of the U.S. Supreme Court opinion in **Cronic v. United States** with a legally incorrect premise, i.e., that **Cronic** only applies in situations where there was a total absence of counsel. **Cronic v. United States, 466 U.S. 648 (1984). (OP26-28)**. This was not the holding of the United States Supreme Court. Moreover, the panel gave a cursory, if not dismissive, assessment to the legislative mandates on appointed attorney performance

requirements in DFPS termination cases by determining that this legislation should have absolutely no impact at all on the standard of review for claims of ineffective assistance of counsel. **(OP 26)**.

This court was split in its decision in the case of **In re V.V.**, **349 S.W.3d 548 (Tex. App - Houston [1ˢᵗ Dist.] 2010 no pet.)(en banc)**. The en banc court overturned a unanimous panel decision finding ineffective assistance of counsel. After that decision was rendered, at the urging of the Supreme Court's Permanent Commission on Children, Family, and Youth, the Texas Legislature passed a law mandating specific case performance criteria for appointed counsel for parents in DFPS termination cases **Tex. Fam. Code §107.0131.** The record in this case, establishes, as a matter of law, that trial counsel did not perform the statutory duties as required by the Legislature. Rehearing and En Banc review is necessary to correct the panel's opinion that **Cronic** does not apply and that these Legislative mandates have no impact on review of claims of ineffective assistance of counsel. **(OP 26-28)**. The panel also held that nothing in the record rebutted the presumption of finalization when the record affirmatively established that a party to the proceeding was not given notice of the final hearing.**(OP 13).** Rehearing and En Banc review is necessary to correct this error.

## ISSUES PRESENTED ON REHEARING

### ISSUE ONE

**Whether Appellant was denied effective assistance of counsel and whether Tex. Fam. Code §107.0131 requires a different standard of appellate review of claims of ineffective assistance of counsel.**

### ISSUE TWO

**Whether a Judgment is final because of a recitation or because it fairly and openly disposed of all issues and all parties as required by the Constitution and laws applicable to termination proceedings.**

### A. ISSUE ONE (RESTATED)

**Whether Appellant was denied effective assistance of counsel and whether Tex. Fam. Code §107.0131 requires a different standard of appellate review of claims of ineffective assistance of counsel.**

### B. ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE ONE

The Cronic court held that, "... the adversarial process protected by the sixth amendment requires that the accused have 'counsel acting in the role of an advocate'". **United States v Cronic, 466 U.S. 648, 656 (1984)**. It necessarily follows that the Court did not mean an advocate in a generic sense. Rather, it is meant a specific advocate for the specific client and the lawyer working the case in consultation and active participation with the client. In doing so, the Court stated, "...if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated". **Id at 656-657**. This case lost its character as a confrontation between adversaries from the beginning. Not only was there no

communication between the client and counsel, the client was filing motions to be included within the adversarial process. While no one expects error free appointed counsel, it is required that the attorney be reasonably competent and whose advice is within the range of competence demanded of attorneys in criminal cases (or as here in termination cases). **Id at 655**. The question is not whether counsel is reasonably competent in general, but rather whether counsel provided reasonably competent advice and adequate legal assistance in the particular case. **Id at 655**. When no advice is given during critical stages of a termination proceeding the right to counsel under the sixth amendment is denied. **Cronic** did not hold that it only applied when there was a complete denial of counsel. It held that there are some circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case would be unjustified. **Id at 658**. A most obvious example would be the complete denial of counsel. **Id at 659**. The court concluded that a trial would be unfair if the accused is denied counsel at a critical stage of his trial. **Id at 659**. This court's holding disregards the necessity of direct communication and advice of counsel throughout a termination case even though Texas has imposed a statutory duty to do so. The full court should review this case, as it did in **V.V.** and decide whether the constitutional right of Appellant to effective assistance of counsel was denied and whether **Tex. Fam. Code §107.0131** requires a different standard of review. If the constitution requires counsel to provide advice to the client during

critical stages of the proceedings; the Texas legislature mandated that counsel actually confer with the client before each hearing; and the uncontradicted proof in the record is that this did not occur, then the full court should set aside the panel's holding that **Cronic** did not apply and that counsel was not shown to be ineffective. The panel also makes an erroneous factual statement asserting that counsel was communicating with Appellant through his family. **(OP 30)**. First this was factually inaccurate. The testimony was in the form of a belief, not a fact. **(SRR P31, L24 - P32, L11)**. More importantly, the idea that counsel could discharge the legal responsibility and duty of effective assistance through the use of third party intermediaries (all of whom denied knowledge she was Appellant's Attorney) circumvents the basis of the constitutional guarantees and the legal duties imposed upon counsel under the Texas Family Code. Since the panel dismissed the application of **Cronic**, the full court should determine whether the surrounding circumstances made it unlikely that Appellant received the effective assistance of counsel. **Cronic at 662 and 666**.

In 2010, this Court struggled with this issue and a divided Court, in an en banc opinion, upheld a termination of parental rights and overturned a unanimous opinion of a panel on the application of Cronic. **In re V.V., 349, S.W.3d 548 (Tex. App - Houston [1ˢᵗ Dist.] 2010 no pet.)(en banc)**. Similarly to **V.V.**, a lack of

communication with the client and the presence of the client at the proceedings were at issue in this case. Drawing a distinction to **Cronic**, the majority in **V.V.** noted that there was no record to determine whether counsel followed the client's instructions with respect to the vigor of his defense or whether counsel could have invoked any defenses beyond easily cured objections to admissible evidence. **V.V. at 560**. The record here is clear and uncontradicted that counsel could not have followed the client's instructions with respect to any of the critical stages of the proceedings prior to trial, because counsel never attempted to directly communicate with the client until the second morning of the trial.

Furthermore, counsel made no effort to communicate with the client or have him present on March 17, 2015 or object to the proceeding going forward without his presence. **(SRR P39, L15-P42 L9)**. Moreover, the panel's opinion supporting termination under **§161.001(1)(O)** underscores the critical nature of the pre-trial proceedings. At the Status Hearing the Court approved the Family Service Plan. **§263.102(a)(3)**. At some point, it became impossible for Appellant to complete the services. **(SRR P87, L9-15)**. At the Permanency Hearings, the Court is supposed to hear evidence on the parent's compliance or non-compliance with the Family Service Plan. **§263.306**. At each of the hearings the Court is supposed to verify that a parent's counsel has actually discharged their legal duty to meet with their client prior

to the hearing and/or excuse the attorney from compliance with a finding of good cause. **§107.013(a)(1)(G)**. No such meetings took place. No such findings were made. Appellant, on the other hand, was filing pro se motions to participate which were ignored. **(SRR P42, L10 - P46, L4 Abatement Hearing; Ex 11, 12, 14).** Accordingly, counsel did not find out that it had become impossible for him to comply because no attempt was made to directly communicate with him.

In his dissent in **V.V.**, Justice Jennings foretold of the result reflected here, i.e., "the shutting down of all claims for the constructive denial of the right to counsel in termination of parental rights cases, regardless of how egregious the inaction of trial counsel. **Id at 577**. This dissent recognized as valid, the finding of the unanimous panel opinion that prejudice must be presumed where there is actual or constructive denial of the assistance of counsel. **Id at 585**. This occurs when a defendant is deprived of the guiding hand of counsel. **Id at 588**. You can have no guiding hand when the constitutional and statutory mandates are disregarded and there is no communication with the client during the critical stages of the proceeding. Justice Sharp agreed with the dissent of Justice Jennings in **V.V.** that there was a constructive denial of counsel requiring the presumption of prejudice. **Id at 608, 612**.

En Banc rehearing is authorized by the Texas Rules of Appellate Procedure and is important when there is an error of exceptional public importance or where the opinion violates state law. **V.V. at 606**; **Tex. R. App. P. 49.1 and 41.2 (c).** Parental

rights terminations cases are to be strictly construed in favor of parents. **Holick v. Smith, 685 S.W.2d 18, 21 (Tex. 1985)**. The legislature felt that the performance criteria for parents counsel in termination cases was of sufficient or exceptional public importance that it mandated performance standards. **§107.0131**. Undisputed violations of these standards must have an impact on appellate review of claims of ineffective assistance of counsel. By holding that they do not, the panel's decision disregards the additional mandates of code construction. In this regard, the word "shall" imposes a duty. **Tex. Gov. Code §311.016**. The Court is required to ascertain the legislative intent of the new law, the old law, the evil and the remedy. **Tex. Gov. Code §312.005**. The statutes are to be liberally construed to achieve their purpose and to promote justice. **Tex. Gov. Code §312.006**. By not evaluating the particular violations of **§107.0131**, the panel circumvented the intended legislative purpose. Unless consideration of legislatively mandated duties between attorney and client are included in the analysis of claims of ineffective assistance of counsel, the statute will become meaningless. This Court is mandated to construe statutes in a way that gives effect to the Legislature's intent. **N.P. v. Methodist Hosp. 190 S.W.3d 217, 222-223 (Tex. App. - Houston [1ˢᵗ Dist.] 2006, pet. denied)**. En Banc review is necessary to correct the lack of analysis of **§107.0131** and its application to claims of ineffective assistance of counsel.

In assessing whether or not the critically important pre-trial hearings and trial proceedings were reliable or produced a just result, if the full court does not apply **Cronic** and presume harm, it should adopt a standard of review of ineffective assistance claims that covers the entirety of the proceedings and incorporates an analysis of the statutory duties. These factors should at least include the following:

1.   Did counsel directly communicate on a regular basis with the client and at a minimum of at least once before each hearing;

2.   Did counsel provide advice and or counsel directly to the client during the critical pre-trial and trial stages of the proceedings;

3.   Was there a specific effort reflected in the record by counsel to obtain the client's presence before each temporary and the final hearing(s);

4.   Did counsel abide by the client's objectives during the representation;

5.   Did counsel fully explain to the client their rights and duties during the pre-trial and trial proceedings;

6.   Did counsel fully discuss with the client, in a timely fashion, the right to a jury trial;

7.   Did counsel fully explain to the client, their duties under the Family Service Plan and the Order adopting the same and the case specific consequences for non-compliance;

8.   Did counsel fully discuss with the client the right of the client to designate alternative care givers and make appropriate diligent efforts to follow the instructions of the client to seek placement of the child with such care givers and prevent the bonding which is likely to occur in foster to adopt placements;

9.   Did counsel adequately and fully prepare the client for trial on the merits; and

10.	Did counsel object to the Court conducting evidentiary hearings without proper notice, the clients presence and an opportunity to be heard.

Despite the fact that none of these ten (10) criteria were met by trial counsel in this case, the panel determined that Appellant did not properly show ineffective assistance of counsel. Under the circumstances where an attorney never directly communicates with the client prior to trial, without a presumption of harm or new standard of review, Appellant is faced with an impossible task. According to the panel, Appellant must prove the result would be different if the lawyer had done the things the lawyer failed to do in order to prevent termination. **(OP 33)**. At the time of the abatement hearing, even if Appellant had presented names of alternative care givers, there is no way he could have compelled DFPS to evaluate them or obtain court approval of the same after a termination and placement had already occurred. In other words, there is no conceivable way to demonstrate a different result would likely have occurred precisely because the legislatively mandated performance criteria were not followed. Accordingly, in light of **§107.0131**, the standards of Strickland are no longer sufficient to cover claims of ineffective assistance of counsel in termination cases. The full court should conduct as a en banc review of the panel's decision, establish a comprehensive standard of review of ineffective assistance claims, grant Appellant's Motion for Rehearing, find that Appellant was denied the actual or constructive assistance of counsel and reverse and remand for a new trial.

## A. ISSUE TWO RESTATED

**Whether a Judgment is final because of a recitation or because it fairly and openly disposed of all issues and all parties as required by the Constitution and laws applicable to termination proceedings.**

## B. ARGUMENTS AND AUTHORITIES IN SUPPORT OF ISSUE TWO

Appellant recognizes that a final judgment should be final if reasonable construction would make it so. The premise before this court in this case is one of fundamental fairness, notice and due process. The panel has held that an intervention or pleading filed by a named party seeking affirmative relief can be disposed of and denied on the merits of the claim because the judgment says so even though the record affirmatively demonstrates that the party seeking such relief was never notified of the setting of the final trial on the merits. **(OP 10-14) (Appellant's Brief Appendices "E-M")**. Despite the lack of notice to a named party, the panel concluded that nothing in the record rebutted the presumption of finality. **(OP 13)**. A judgment, of necessity, needs to properly address all issues as to all parties in order to be a final judgment. **Lehman v Har-Con Corp. 39 S.W.3d 191, 200 (Tex. 2001)**. All parties to a proceeding have a right to notice, process and an opportunity to be heard. Before a judgment can withstand the scrutiny of review, it is fundamental law that a party's rights may not be disposed of without a fundamentally fair proceeding of which the parties have proper notice and relative to which they have an opportunity to be heard. **Tex. Const. art. 1, Sec. 19; U.S. Const. amend 5, 14**. According to

Westlaw, Texas has 2,160 statutes and at least 10,000 cases that have within them the requirement of notice and an opportunity to be heard. The full court should review the opinion of the panel and determine whether a judgment should be final because of a recitation or because it fairly and openly disposed of all issues and all parties as required by the Constitution and laws applicable to termination proceedings. **See Peralta v. Heights Medical Center, Inc. 715 S.W.2d 721 (Tex. App. - Houston [1st Dist.] 1986, writ ref'd n.r.e.) reversed, 485 U.S. 80 (1988)**. The United States Supreme Court held in Peralta that "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. **Id at 84.** Failure to give notice violates the most rudimentary demands of due process. **Id.** If the panel fails to correct the opinion on rehearing, the full court should accept an en banc rehearing of the panel's opinion and find that the judgment of the trial court is not final because it did not address and satisfy all issues as to all parties.

Appellant prays for general relief.

Respectfully submitted,

CONNOLLY & SHIREMAN, LLP

/s/William B. Connolly
William B. Connolly
State Bar No. 04702400

2930 Revere, Suite 300
Houston, Texas 77098
Telephone (713) 520-5757
Facsimile   (713) 520-6644
wbc@conlawfirm.com

ATTORNEY FOR M.A.B., JR.

## CERTIFICATE OF COMPLIANCE

I, William B. Connolly certify that this Appellant's Motion for Rehearing - En Banc Hearing was prepared with WordPerfect 12, and that, according to that program's word-count function, the sections covered by Tex. R. App. P. 9.4(i)(1) contains 3147 words.

/s/ William B. Connolly
William B. Connolly

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Appellant's Response Brief was served on:

Sandra Hachem, Attorney for DFPS, 1019 Congress, 17th Floor, Houston, Texas 77002 *– via electronic filing service at Sandra.Hachem@cao.hctx.net*;

John Spjut, Attorney Ad Litem for Child, 10924 Grant Road, Suite 623, Houston, Texas 77070 – *via electronic filing service at spjutlaw@sbcglobal.net*

on this the 28th  day of October, 2015.

/s/ William B. Connolly
William B. Connolly