

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00236-CV

_____

A.D. Sparlin, Appellant

V.

Antonio Gomez, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-009403-1

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

## I. Introduction

On December 15, 2017, the trial court entered an order making final its interlocutory no-answer default judgment in favor of Appellee Antonio Gomez and against Appellant A.D. Sparlin. Sparlin filed a verified petition for bill of review on the day after Christmas a year later. The trial court denied Sparlin's bill of review, and in two issues, Sparlin argues that the trial court erred by doing so. Because Sparlin's petition for bill of review was supported with a deficient verification, the trial court did not abuse its discretion by denying it. Accordingly, without reaching the merits of Sparlin's arguments,[1] we affirm the trial court's judgment.

## II. Discussion

### A. Applicable law

A bill of review is an independent equitable proceeding in which the petitioner directly attacks a trial court's judgment that is no longer appealable or subject to a motion for new trial to try to set it aside. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Courts do not readily grant bills of review because of the fundamental importance of the finality of judgments in the administration of justice. *Valdez*, 465 S.W.3d at 226; *Montgomery v.*

---

[1]Sparlin argues that the trial court erred by summarily dismissing his bill of review because, among other things, his sworn pleading and exhibits presented sufficient information to entitle him to a trial on the merits. Gomez did not file an appellee's brief.

*Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984) (noting that courts of equity scrutinize bills of review with extreme jealousy). A person who seeks to set aside a judgment by a bill of review must strictly comply with the rules providing for such relief. *Phillips v. Dallas Cty. Child Protective Servs. Unit*, 197 S.W.3d 862, 866 (Tex. App.—Dallas 2006, pet. denied). The fact that an injustice might have occurred is not sufficient to justify relief by bill of review. *Garcia v. Tenorio*, 69 S.W.3d 309, 312 (Tex. App.—Fort Worth 2002, pet. denied); *see Kelley v. Wright*, 184 S.W.2d 649, 654 (Tex. App.—Fort Worth 1944) ("A bill of review is considered an extreme remedy for extreme cases which public policy and peace alike require to be administered with extreme care."), *aff'd*, 188 S.W.2d 983 (Tex. 1945) (op. on reh'g). And when tested by exception, a bill-of-review petition's allegations "will usually be judged more strictly than those of an ordinary civil action." *Raney v. Mack*, 504 S.W.2d 527, 533 (Tex. App.—Texarkana 1973, no writ).

We review the denial of a bill of review for an abuse of discretion. *Okon v. Boldon*, No. 02-14-00334-CV, 2015 WL 4652775, at *3 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.). Such an abuse occurs when the trial court acts without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Id.* The trial court is the factfinder at a bill-of-review hearing and has the duty of ascertaining the true facts. *Id.* In reviewing the denial of a bill of review, every presumption is indulged in favor of the trial court's

ruling, which will not be disturbed unless an abuse of discretion is affirmatively shown. *Saint v. Bledsoe*, 416 S.W.3d 98, 101 (Tex. App.—Texarkana 2013, no pet.).

A petition for bill of review must be verified. *In re T.W.C.*, No. 06-08-00108-CV, 2009 WL 536858, at *2 n.9 (Tex. App.—Texarkana Mar. 5, 2009, no pet.) (mem. op.) (citing *Galaznik v. Galaznik*, 685 S.W.2d 379, 382 (Tex. App.—San Antonio 1984, no writ)); *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2002, no pet.). A verification is a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. *In re Valliance Bank*, 422 S.W.3d 722, 726 (Tex. App.—Fort Worth 2012, orig. proceeding [mand. denied]) (op. on reh'g en banc) (defining verification). "It is not an abuse of discretion to deny a bill of review when the petition is unverified and unsupported by sworn evidence." *Lozano Assocs., Inc. v. La Experencia*, No. 05-06-00951-CV, 2007 WL 4465134, at *1 (Tex. App.—Dallas Dec. 21, 2007, no pet.) (mem. op.).

## B. The record

The record shows that the no-answer default judgment against Sparlin became final on December 15, 2017. Gomez then abstracted the judgment and requested execution and service by a constable, setting out Sparlin's address with an incorrect zip code that matched the incorrect zip code he had provided in the certificate of last

4

known mailing address.[2] *See* Tex. R. Civ. P. 239a; *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163–64 (Tex. 2015) (stating that when a bill-of-review plaintiff claims a due process violation based on a lack of notice of default judgment under Rule 239a, it must prove only that its own fault or negligence did not contribute to cause the lack of notice). On April 5, 2018, the constable wrote on the writ of execution, "subj doesnt live @ location," and Gomez later asked for reissuance of the writ with the same incorrect zip code.

Seven months after the judgment was signed, *cf.* Tex. R. App. P. 26.1(c) (stating notice of restricted appeal must be filed within six months of the judgment's signing), Sparlin sent a copy of a petition for bill of review to Gomez. The petition's July 31, 2018 certificate of service states that it had "been electronically filed via E-File Tex.Courts.Gov and also served by and through such e-filing provider" on Gomez through his counsel, but at the bill-of-review hearing, Sparlin agreed that this version had not actually been accepted when he tried to e-file it. The text of the July 2018 petition is identical to the one that was actually filed in this case except for the July petition's references to an August 6, 2018 sheriff's sale, its certificate of conference, and its July 31, 2018 certificate of service.

---

[2]During the bill-of-review hearing, the trial court asked Sparlin, "[Y]ou're hanging your case on the zip code?" The trial court also asked the court coordinator to look up the case, and the court coordinator stated, "I don't show any envelopes that have ever been returned as not being delivered, but I do show the only address we have is the zip code 76140." Sparlin's actual zip code was 76110.

On August 2, 2018, the parties entered a Rule 11 agreement in which Gomez agreed to cancel the August 7,[3] 2018 writ-of-execution sale and to take no further action to enforce the default judgment against Sparlin until after November 6, 2018, and Sparlin agreed to cancel his August 3, 2018 temporary-restraining-order (TRO) hearing on the August writ-of-execution sale.

In the bill-of-review petition that Sparlin filed on December 26, 2018, Sparlin sought to set aside the default judgment and to enjoin a January 3, 2019 sheriff's sale; he also requested a TRO to stop the sale. Although the petition was filed the day after Christmas, the verification page shows that Sparlin signed it on August 1, 2018.[4]

Gomez filed his response on August 28, 2019, the same day as the bill-of-review hearing. In his response and at the hearing, Gomez argued that Sparlin's

---

[3]The record does not explain the inconsistency between this date in the Rule 11 agreement and the August 6 date in the unfiled bill-of-review petition.

[4]Sparlin's verification in the December 2018 petition states that Sparlin appeared before a notary and

> after being duly sworn, deposes and states that he is the Petitioner in the foregoing action and that the facts contained in his attached **Verified Original Petition for Bill of Review & Application for Temporary Restraining Order & Temporary Injunction** are true and correct to the best of his knowledge, information and belief . . . *Sworn to and subscribed before me this 1st day of August, 2018*. [Emphasis added.]

Gomez provided to the trial court a copy of Sparlin's unfiled application for injunction and TRO of a January 3, 2019 sheriff's sale. In the application, Sparlin referenced his December 2018 petition for bill of review, and he verified the application with an August 1, 2018 verification using the same language set out above, which was apparently signed the same day as the petition's verification.

petition was not properly verified based on the discrepancy presented by the petition's August 1, 2018 verification date, the August 2, 2018 Rule 11 agreement postponing the sheriff's sale until November, and the petition's December 26, 2018 filing date. During the hearing, Gomez informed the trial court that Sparlin had served him with the earlier bill of review that "for whatever reason" had not actually been filed. He argued that, because of the disconnected dates, "[T]here's no way [Sparlin] could have properly reviewed and verified and stand behind the facts of this original verification. It talks about stuff that was allegedly going to happen in January of 2019."

Gomez told the trial court that he had set an execution sale for August 3,[5] and Sparlin replied that he had tried to electronically file the petition in August but that it had been returned to him unfiled, and then the parties entered into the Rule 11 agreement to put the sale off until November. Gomez pointed out that Sparlin's December bill-of-review petition contained an allegation that "there was a sale [scheduled] in January." Gomez stated that he did not know how there could be such a sale in January "because [Gomez] hadn't requested it."

Sparlin responded by arguing that he "swore to the best of his knowledge and belief to the truth of all the facts in the petition" and that "[t]he fact that there is something mentioned for January 2019" did not make the verification fail. He stated that he had believed that a short sale was posted for January 2019 based on

---

[5]Again, the record does not explain why the parties mentioned different August 2018 dates; the discrepancies are irrelevant to our holding.

information he had received from a constable. He did not seek to amend his petition with an updated verification. *Cf. Edgin v. Blasi*, 706 S.W.2d 353, 355 (Tex. App.—Fort Worth 1986, no writ) ("[T]o the extent that the District Court determined that appellant's pleadings were insufficient to state a cause of action for Bill of Review, it erred in failing to permit appellant the opportunity to amend his pleadings.").

Almost a year after the August 2019 hearing, the trial court signed the order denying the bill of review. The order states, "The Court[,] after considering all evidence presented[6] and after argument of counsel, finds good cause to deny [Sparlin's] Bill of Review."

## C. Analysis

The trial court had before it both the unfiled August 2018 petition and the filed December 2018 petition; both documents contained identical August 1, 2018 verifications.[7] By using the same verification, Sparlin created a demonstrable falsity in the December 2018 petition in light of the parties' August 2, 2018 Rule 11 agreement. The unfiled August 2018 petition states,

> Because of such imminent threat of irreparable harm posed by the wrongful posting of Plaintiff's property for sale by the Sheriff in less

---

[6]Both parties referenced exhibits during the hearing, but no one offered any exhibits into evidence.

[7]From the almost-verbatim similarity of the two documents, it appears that Sparlin located within the unfiled petition each instance of "August 6, 2018"—when the original sale was to take place—and replaced it with "January 3, 2019"—the date upon which he assumed a sale might take place.

than a week from the present date [July 31, 2018, according to the certificate of service, and which we note is also inconsistent with the August 1, 2018 verification date], Mr. Sparlin makes application for and requests this Court's issuance of an appropriate [TRO], ordering that all of the plaintiff's property previously posted for sale on August 6, 2018 by the Tarrant County Sheriff be removed and withdrawn from the list of properties posted and scheduled for such sale.

In comparison, the December 2018 petition states,

Because of such imminent threat of irreparable harm posed by the wrongful posting of Plaintiff's property for sale by the Sheriff *in less than a week from the present date* [December 26, 2018, per the clerk's file mark on the petition], Mr. Sparlin makes application for and requests this Court's issuance of an appropriate [TRO], ordering that all of the plaintiff's property previously posted for sale on January 3, 2019[]by the Tarrant County Sheriff be removed and withdrawn from the list of properties posted and scheduled for such sale. [Emphasis added.]

By recycling the August 2018 verification, Sparlin damaged his petition's credibility before the factfinder because the "present" date of the verification at the time of filing the petition was six months earlier and was shown to be demonstrably false by the Rule 11 agreement that postponed the August sale until November.

Because Sparlin presented the court with a bill-of-review petition sponsored by a deficient verification, the trial court, which had the duty as factfinder to ascertain the true facts, *see Okon*, 2015 WL 4652775, at *3, did not abuse its discretion by denying the petition. *See generally Lozano Assocs., Inc.*, 2007 WL 4465134, at *1 (stating that a trial court does not abuse its discretion by denying a bill of review when the petition is unverified and unsupported by sworn evidence).

9

## III. Conclusion

Because we conclude that the trial court did not abuse its discretion by denying the petition for bill of review, we affirm its judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  September 16, 2021